**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IAM NATIONAL PENSION FUND and YOLANDA MONTGOMERY,** Plaintiffs, v. **TECNOCAP, LLC,** Defendant. | **Civil Action No. 26-2130 (JDB)** |

# MEMORANDUM OPINION

Plaintiffs IAM National Pension Fund (the "Fund") and Yolanda Montgomery sued defendant Tecnocap, LLC ("Tecnocap") under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Plaintiffs alleged that Tecnocap, an employer required to contribute to the Fund, failed to make monthly pension contributions in violation of 29 U.S.C. § 1145. After Tecnocap failed to answer or otherwise defend this action, the Clerk of Court entered default against it. Before the Court is plaintiffs' motion for default judgment. For the reasons explained below, the Court will grant in part and deny in part plaintiffs' motion.

## Background

The Fund "is a multiemployer pension benefit plan under ERISA" responsible for "providing pension benefits to its participants and their beneficiaries." Mot. for Default J. [ECF No. 8] at 1; 29 U.S.C. § 1002(2)(A), (37). The Fund is financed by contributions from employers who are signatories to collective bargaining agreements ("CBAs") with IAM Union and its affiliates. Mot. for Default J. at 1. Yolanda Montgomery is the executive director of the Fund and has authority to initiate litigation on the Fund's behalf. Compl. [ECF No. 1] at ¶ 8.

Tecnocap is an "employer" as defined by 29 U.S.C. § 1002(5). Compl. at ¶ 10. During the periods of time relevant to this action, Tecnocap was a party to multiple CBAs with IAM Union

affiliates, so it was required to make pension contributions to the Fund for eligible employees. Id. ¶ ¶ 12, 14. The CBAs also bound Tecnocap to the Fund's Trust Agreement. Id. ¶ 13. Under the Trust Agreement, an employer who fails to make a timely contribution is liable for "liquidated damages of 20% of the amount due" as well as "simple interest" on the amounts due "at the rate of 18% per annum from the date of the delinquency until the due date payment is received." Id. ¶ 15.

Plaintiffs filed this action on June 17, 2026, alleging that Tecnocap failed to pay certain contributions owed to the Fund. Id. ¶¶ 32–35. Plaintiffs further alleged that Tecnocap failed to pay outstanding interest for previously delinquent contributions. Id. ¶ 33. Tecnocap did not appear or answer within 21 days of being served with the complaint nor has it taken any action since then. The Clerk of Court therefore entered default against Tecnocap on July 31, 2026. Clerk's Entry of Default [ECF No. 6]. Plaintiffs now request that the Court enter default judgment against Tecnocap in the amount of $44,797.74 in interest for previously delinquent contributions, $36,672.93 in unpaid contributions, $4,646.69 in interest on the unpaid contributions, $5,245.45 in retro bills,[1] $8,383.67 in liquidated damages, and $2,900.10 in attorneys' fees and costs. Mot. for Default J. at 4, 7. Plaintiffs additionally ask this Court to (1) order Tecnocap "to submit to an audit of its payroll and wage records for the period from June 2023 through the present"; (2) require Tecnocap to pay for the audit; and (3) retain jurisdiction over the case while plaintiffs determine whether any additional contributions are owed to the Fund after the audit is complete. Id. at 5, 7.

## Legal Standard

Federal Rule of Civil Procedure 55(a) provides for entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." An

[1] Plaintiffs explain that a retro bill "results from the Fund's system [of] identifying and correcting or updating [the] contribution rate and/or rehab rate being previously applied and paid." Mot. for Default J. at 4.

entry of default establishes that the defaulting party is "liab[le] for the well-pleaded allegations of the complaint." Fanning v. AMF Mech. Corp., 326 F.R.D. 11, 13 (D.D.C. 2018). After the Clerk of Court enters default, the court may then enter a default judgment. See Fed. R. Civ. P. 55(b)(2). This determination is "committed to the discretion of the trial court and is generally appropriate where a defendant is an essentially unresponsive party whose default is plainly willful, reflected by its failure to respond to the summons or complaint, the entry of default, or the motion for default judgment." Jackson v. Contemp. Fam. Servs., Inc., Civ. A. No. 18-2349, 2019 WL 5653462, at *2 (D.D.C. Oct. 31, 2019) (citation modified).

The court must make an "independent determination of the amount of damages to be awarded." Id. A court need not conduct an evidentiary hearing to determine damages "if it can establish a basis for the amount of damages through detailed affidavits or other documentary evidence." Id. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Here, the pleading providing these limits is the complaint filed on June 17, 2026.

## Analysis

Tecnocap has not responded to the summons, complaint, entry of default, or motion for default judgment. Tecnocap is therefore an unresponsive party, and an entry of default judgment is appropriate in this case. The only remaining inquiry for the Court is the relief to be awarded to plaintiffs. The Court will address plaintiffs' requests for monetary and equitable relief in turn.

### I. Monetary Relief

Plaintiffs first request that this Court enter default judgment against Tecnocap in the amount of $102,646.58. Mot. for Default J. at 7. In support of their motion, plaintiffs submitted exhibits providing a breakdown of the amounts due accompanied by sworn affidavits. See Nicole

Tate Decl. [ECF 8-1]; Zachary Weinberg Decl. [ECF 8-2]. The Court therefore has sufficient information to make its determination of damages without conducting a hearing.

Plaintiffs' request for monetary relief is summarized in the chart below:

| **Outstanding Interest for Previously Delinquent Contributions** | **Unpaid Contributions** | **Retro Bills** | **Estimated Interest on Unpaid Contributions (based on prospective pay date of 9/30/2026)** | **Liquidated Damages** | **Attorneys' Fees and costs** | **TOTAL** |
|---|---|---|---|---|---|---|
| $44,797.74 | $36,672.93 | $5,245.45 | $4,646.69 | $8,383.67 | $2,900.10 | $102,646.58 |

Mot. for Default J. at 4, 7.

Beginning with plaintiffs' calculation of outstanding interest for previously delinquent contributions, the Court finds that the calculation appears accurate and complies with ERISA. See 29 U.S.C. § 1132(g) ("[I]nterest on unpaid contributions shall be determined by using the rate provided under the plan."); Outstanding Interest Calculations [ECF No. 8-4] (calculating interest based on rate provided under the plan); Compl. at ¶ 15. The court additionally concludes that plaintiffs' request for attorneys' fees and costs is reasonable based on the itemized billing information and accompanying declaration provided to this Court. Attorneys' Fees Breakdown [ECF No. 8-6]; Attorneys' Costs Breakdown [ECF No. 8-8]; Zachary Weinberg Decl.[2] The Court

[2] ERISA requires defendants to pay reasonable attorneys' fees in an action related to the defendant's delinquent contributions. 29 U.S.C. § 1132(g)(2)(D). Here, plaintiffs provide documentation reflecting that counsel provided 3.7 hours of legal services, valued at a rate consistent with the "Fitzpatrick Matrix published by the Civil Division of the U.S. Attorney's Office of the District of Columbia." Zachary Weinberg Decl. at 2; Attorneys' Fees Breakdown. The Fitzpatrick Matrix "reflect[s] the customary market rates in the D.C. area for federal litigation," id., and has been found to be a reasonable billing rate in other ERISA default judgment actions. See I.A.M. Nat'l Pension Fund v. KM Ent. Consultants, Civ. A. No. 25-146, 2025 WL 3187275, at *4 (D.D.C. Nov. 14, 2025); Nat'l I.A.M. Benefit Tr. Fund v. Borough of Bellwood, Civ. A. No. 24-3089, 2026 WL 488003, at *4 (D.D.C. Feb. 20, 2026). Plaintiffs also request reimbursement for modest litigation costs associated with service of process and filing of the complaint. Zachary Weinberg Decl. at 2; Attorneys' Costs Breakdown. The Court concludes that plaintiffs are entitled to these costs and fees.

will also grant plaintiffs' request for future reasonable attorneys' fees that are incurred in the collection and enforcement of this judgment. See Int'l Painters & Allied Trades Indus. Pension Fund v. Brighton Painting Co., 267 F.R.D. 426, 429 (D.D.C. 2010) (granting plaintiff's request for future attorneys' fees).

The Court, however, will modify plaintiffs' requests regarding unpaid contributions, retro bills, interest on unpaid contributions, and liquidated damages. "Where a defendant entirely fails to defend against an action, Rule 54(c) specifically limits damages to the amount pleaded in the complaint." Salmeron v. District of Columbia, 77 F. Supp. 3d 201, 212 (D.D.C. 2015), vacated on other grounds, 113 F. Supp. 3d 263 (D.D.C. 2015); see Boland v. Yoccabel Constr. Co., 293 F.R.D. 13, 19 (D.D.C. 2013) ("Rule 54(c) provides that a default judgment must be of the same type and amount as that sought in the complaint."); Finkel v. Triple A Grp., Inc., 708 F. Supp. 2d 277, 282 (E.D.N.Y. 2010) (explaining that it would be "unjust to award relief greater than that demanded" in the pleadings because "[i]f greater relief had been demanded, the defendant might have entered the action and defended on the merits" (citation modified)). Notwithstanding Rule 54(c), district courts have authority to "award ERISA damages that accrue during the pendency of an action" so long as the complaint "put defendant on notice that plaintiff might seek such damages." Boland, 293 F.R.D. at 19.

Plaintiffs' complaint requests $28,245.78 in unpaid contributions plus "any unpaid contributions that become delinquent during the pendency of the litigation." Compl. at ¶¶ 22, 35.[3] Plaintiffs now provide data demonstrating that Tecnocap owes more than that: $36,672.93 in unpaid contributions and $5,245.45 for a retro bill, combining for a total of $41,918.38. See Nicole

[3] The complaint did not distinguish "retro bills" from unpaid contributions. The Court finds that the $28,245.78 requested in the complaint is comprised of $23,000.33 in unpaid contributions and $5,245.45 from a retro bill. See Compl. at ¶¶ 20–21.

Tate Decl. at 2; Unpaid Contributions Calculations [ECF No. 8-3]. This discrepancy is not a result of unpaid contributions that accrued during the pendency of this action.[4] Instead, the Fund represents that its Contributions Department has "subsequently discover[ed] other unpaid and delinquent periods" from before the complaint was filed. Mot. for Default J. at 1. Because Tecnocap was not put on notice regarding these additional unpaid contributions, plaintiff cannot recover for them. See Trs. of Pavers & Rd. Builders v. Tri State Constr. & Masonry Corp., Civ. A. No 15-6686, 2017 WL 2559126, at *4 (E.D.N.Y. June 13, 2017) (recommending that district court deny default judgment award for outstanding contributions that were ascertainable before action was filed, but not alleged in complaint, because defendant was not on notice); accord Boland v. Hetrick, 277 F. Supp. 3d 112, 119 (D.D.C. 2017) (finding that plaintiff could recover for outstanding contributions discovered during the pendency of litigation because complaint requested "all additional amounts that accrue and/or are found to be due and owing through the date of judgment" (emphasis added)). So although plaintiffs submitted evidence demonstrating that Tecnocap owes $41,918.38 in unpaid contributions and a retro bill, plaintiffs are limited to receiving an award of $28,245.78 for those categories.

Consequently, applying the Trust Agreement's 20% liquidated damages requirement, the Court will reduce plaintiffs' liquidated damages award to 20% of $28,245.78, for a total of $5,649.16 in liquidated damages. The Court will also at this time deny plaintiffs' request for interest on the unpaid contributions, because on the current record, the amount of interest due on the $28,245.78 alleged in the complaint is not ascertainable. See Boland v. Smith & Rogers Constr. Ltd., 201 F. Supp. 3d 144, 148 (D.D.C. 2016) ("Plaintiffs must prove … damages to a reasonable certainty."); Trs. of Pavers & Rd. Builders, 2017 WL 2559126, at *4–5 (denying

[4] The most recent unpaid contribution was due on March 31, 2026, multiple months before the complaint was filed. See Unpaid Contributions Calculations.

plaintiff's request for damages because of a lack of evidentiary support and discrepancies between the amended complaint and motion for default judgment). Plaintiffs may, however, submit an affidavit to the Court demonstrating how much interest is due on the $28,245.78 alleged in the complaint, and the Court will determine the interest award at that time. In sum, on this date, the Court will award the Fund a monetary judgment in the amount of $81,592.78.[5]

## II. Equitable Relief

Plaintiffs additionally request injunctive relief in the form of a court order compelling Tecnocap to comply with an audit of its payroll records for the period from June 2023 to the present and to pay all costs of the audit. Other judges in this district "have awarded injunctions requiring an employer to comply with its obligations under ERISA." Bricklayers & Trowel Trades Int'l Pension Fund v. Barron, 317 F. Supp. 3d 157, 163 (D.D.C. 2018) (collecting cases).

Plaintiffs' complaint, however, only requests money damages as well as "any other legal or equitable relief as this Court deems just and proper." Compl. at 6. The complaint at no point mentions an audit of Tecnocap's payroll records nor any specific request for equitable relief. See id. And Federal Rule of Civil Procedure 54(c) prohibits default judgment awards that differ in kind from what was demanded in the pleadings. See Salmeron, 77 F. Supp. 3d at 212 ("The plaintiffs' request for 'all other relief the Court deems just' is inadequate to satisfy Rule 54(c)." (citation modified)); cf. Foley v. Syrian Arab Republic, 281 F. Supp. 3d 153, 158–59 (D.D.C. 2017) ("[F]or Plaintiffs to have been able to collect that relief as part of a default judgment, it needed to be requested specifically."). Because plaintiffs' request for equitable relief differs in kind and scope from the relief demanded in the complaint, that request will be denied.

[5] The following amounts make up this total: $44,797.74 in interest on previously delinquent contributions; $28,245.78 in unpaid contributions and the retro bill; $5,649.16 in liquidated damages; and $2,900.10 in attorneys' fees and costs.

## **Conclusion**

For the foregoing reasons, plaintiffs' motion for default judgment is granted in part and denied in part. The Court will enter judgment against Tecnocap, LLC in the amount of $44,797.74 in interest on previously delinquent contributions, $28,245.78 in unpaid contributions and the retro bill, $5,649.16 in liquidated damages, and $2,900.10 in attorneys' fees and costs, for a total amount of $81,592.78. Plaintiffs are also entitled to additional reasonable attorneys' fees incurred in the collection and enforcement of this judgment. Finally, Plaintiffs shall file by not later than October 13, 2026, an affidavit detailing the amount of interest due on the $28,245.78 of unpaid contributions and the retro bill alleged in the complaint, and the Court will determine the interest award at that time. A separate order has been issued on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: October 6, 2026